IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVE AZBILL,                                          Case No. 07-6375-HO

        Plaintiff,                              ORDER

    v.

Commissioner of Social Security,

        Defendant.


    Plaintiff filed this action for review of the decision of
the Commissioner that plaintiff ceased to be disabled as of April
14, 2004.  The Commissioner's decision is supported by
substantial evidence and free of material legal error, and is
therefore affirmed.

<u>Discussion</u>

    Plaintiff fails to demonstrate good cause to remand this
matter to the administrative law judge to consider the November
27, 2007 letter opinion of Dr. Stricker that plaintiff is
disabled by chronic Lyme disease.  (Tr. 7-8, 11-12).  Plaintiff's
only explanation for not timely submitting Dr. Stricker's

opinions is that plaintiff is not an attorney.  Moreover, this
evidence is not material because there is not a reasonable
possibility that it would change the outcome.  The ALJ rejected
the Lyme disease diagnoses of several physicians, including Dr.
Stricker, based on their reliance on plaintiff's statements, the
absence of supporting objective medical evidence and the opinion
of Dr. Kane.  (Tr. 49).  As discussed below, the ALJ rejected
plaintiff's allegations of disabling symptoms because he found
plaintiff incredible.  (Tr. 51).  Dr. Stricker's November 27,
2007 letter opinion is not supported by objective medical
evidence proving that plaintiff is disabled by Lyme disease.

The ALJ stated clear and convincing reasons supported by
substantial evidence to reject plaintiff's statements about the
effects of his impairments.  The ALJ noted that plaintiff has
taken very little treatment for depression despite his
allegations of severe depression.  (Tr. 51).  The ALJ asked
plaintiff if he had counseling and plaintiff responded that he
continued to take Wellbutrin. (Tr. 692).  Plaintiff acknowledged
that he had asked to be taken off Wellbutrin, but that his wife
decided that he was irritable without it, and in plaintiff's
opinion, such a minor issue did not warrant scheduling time to
see a doctor.  (Tr. 692).  The ALJ provided plaintiff with the
opportunity to explain the sparse treatment record with respect
to depression.  He was not obliged to accept plaintiff's

2 - ORDER

explanations.  The ALJ therefore properly relied on the treatment record in determining the credibility of plaintiff's statements regarding symptoms of depression.  In his brief, plaintiff points to reasons someone might not take treatment for depression. Plaintiff does not argue that the reasons apply to his situation, however.  The ALJ properly relied on Dr. Novie's March 19, 2004 report that plaintiff stated in 2001 that he felt well enough to work and did not feel right taking benefits at that time, and Dr. Novie's opinion that plaintiff has no mental disorders and fair or better functional capacities.  (Tr. 48-49, 459-60).

Next, the ALJ properly considered the results of a June 9, 2006 treadmill exam for palpitations showing average functional capacity for an active person.  (Tr. (Tr. 51, 529).  The ALJ properly found that allegations of severe dysfunction are contradicted by the record.  (Tr, 51).  Whereas plaintiff stated that joint pain in his hands can make turning a page a problem, plaintiff further stated that he takes care of, acts as a father to, and prepares meals for his eight-year old grand daughter, who lives with him.  (Tr. 50-51, 694-96).  Plaintiff cares for the child while the child's mother and grandmother are at work.  Id. As the ALJ noted, plaintiff can spend several hours per day using the computer to learn web page design, plaintiff does some household chores, plaintiff drives a car, and plaintiff engages in essentially normal daily activities.  (Tr. 50-51, 694-696).

Plaintiff's activities do not necessarily prove that he can engage in competitive work, but the ALJ permissibly found them inconsistent with the severity of symptoms alleged by plaintiff.

Review of the medical evidence confirms the ALJ's finding that plaintiff takes little in the way of medication despite allegations of disabling depression and pain.  (Tr. 51).

Plaintiff's wife wrote that plaintiff has a poor memory, forgets everything, cannot remember instructions, burns pans when he cooks, cannot hold anything, is in a great deal of pain, has good days and bad days and some days cannot swallow, and that no employer would tolerate plaintiff's limitations.  (Tr. 51, 291-94).  The ALJ properly rejected plaintiff's wife's statements. The ALJ reasoned that leaving a child in the care of a person with the limitations stated by plaintiff's wife would be unsafe, and the limitations are not found in the medical records reviewed by Dr. Kane, nor are they confirmed by the exhaustive testing and evaluation ordered by Dr. Kane in attempt to find a cause for plaintiff's complaints.  (Tr. 51, 529-604).

Finally, the ALJ properly considered that the allegations of severe dysfunction are not supported by the objective evidence in the record.  (Tr. 51).

Plaintiff disputes the ALJ's reliance on Dr. Kane's opinion that plaintiff has fibromyalgia, rather than chronic Lyme disease.  Nevertheless, medical evidence demonstrates medical

4 - ORDER

improvement in plaintiff's impairments at the time of the
comparison point decision, that is, depression, Lyme disease and
esophageal dysfunction.  20 C.F.R. § 404.1594; (Tr. 49).  Based
on review of the medical evidence and tender point testing,
Kaiser Foundation doctors determined in the first half of 2006
that the Lyme disease diagnoses were not warranted, and that
plaintiff has fibromyalgia.  (Tr. 559-61, 568, 590, 594).  Dr.
Novie found plaintiff's memory functions to be average to
superior with no score as low as previous testing, and no mental
disorders.  (Tr. 48-49, 459).  Over a period of years, plaintiff
reported improved GI symptoms and decreasing dysphagia and
esophageal reflux.  (Tr. 49, 593).  One month prior to the
comparison point decision, plaintiff weighed 135 lbs, down from
185 lbs and up from a low of 122 lbs.  (Tr. 349).  Plaintiff
weighed 180.5 lbs two months before the date the ALJ determined
that his disability ceased.  (Tr. 426).

    The ALJ's determination of plaintiff's residual functional
capacity as of April 14, 2004 is supported by substantial
evidence.  As noted, the ALJ permissibly rejected the lay
evidence and the RFC determination is supported by the opinions
of consulting doctors.  (Tr. 49, 461-83).  Therefore, the ALJ
properly determined that medical improvement is related to
plaintiff's ability to work.  20 C.F.R. § 404.1594.

    Because plaintiff's current RFC is supported by substantial

evidence, the ALJ's hypothetical question to the vocational expert is complete and the ALJ's determination that plaintiff can return to his past relevant work is supported by substantial evidence.

Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed.

SO ORDERED.

DATED this __5th__ day of May, 2009.

                                   __s/ Michael R. Hogan__
                                   United States District Judge

6 - ORDER